UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


KIMBERLY NICOLE KEY                    CIVIL ACTION NO. 12-cv-2671

VERSUS                                 JUDGE HICKS

JIM ROGERS                             MAGISTRATE JUDGE HORNSBY


**REPORT AND RECOMMENDATION**

**Introduction**

Kimberly Key ("Petitioner") was indicted by a Bossier Parish jury for first-degree murder, but the prosecutor reduced the charge to second-degree murder. She eventually entered a guilty plea to manslaughter and received the maximum 40-year sentence. She challenged her sentence as excessive on direct appeal. State v. Key, 58 So.3d 578 (La. App. 2d Cir. 2011), writ denied, 71 So.3d 310 (La.). She also filed a post-conviction application in state court but did not proceed past the district court level. She now seeks federal habeas relief on the following grounds: (1) excessive sentence, (2) sentencing judge did not adequately consider her age, and (3) ineffective assistance of counsel. For the reasons that follow, it is recommended that her petition be denied.

**Relevant Facts**

Henry Chaisson, age 75, visited the Mason Motel in Bossier City two or three times a week for more than a year, usually with a young black woman who appeared to be about 25 years old. The motel manager testified that Chaisson (whose name he did not know)

would always pay in cash and stay for only a few hours.  On the day Chaisson died, he came to the motel around 3:30 p.m. to rent a room for two hours.  The manager did not see anyone with him.  At about 5:30 p.m., the manager went to see if the guest had left.  He opened the door and saw Chaisson lying on the floor covered in blood and wearing only his socks.  He closed the door and called the fire department.

The fire department saw through the window a male on the floor with a lot of blood. They called police because the room could be a crime scene.  Police had the manager open the room, and fire department EMS workers found some signs of life.  Chaisson had been severely beaten about the head and face with a wooden lamp that was found on the floor. Treatment efforts were made, and Chaisson was taken to the hospital, but he was later pronounced dead.  Chaisson's empty wallet was found in the motel room.

Surveillance tape showed Chaisson park his car near the motel room and enter the room along with a black female.  The female left the room 18 minutes later and drove away alone in Chaisson's car.  No one else entered or left the room.  Within an hour of the time the female left the room, there were three attempts made to use Chaisson's VISA card at an ATM.

Five years after Chaisson was killed, a DNA profile of evidence taken from the room linked Petitioner to the crime scene.  She was contacted by police and, post-<u>Miranda</u> warning, she confessed that she killed Chaisson by repeatedly beating him on the head with a lamp and then robbed him of his money, credit card, and car.

**Excessive Sentence**

### A. State Court Proceedings

Petitioner, originally indicted for first-degree murder, was able to enter a guilty plea to a reduced charge of manslaughter, which carried a maximum sentence of 40 years but allowed for the possibility of parole.  Judge Jeff Cox heard a statement from Petitioner, which she began by saying that she wanted to "apologize to the family members that are here today," after which she spoke about different programs she had participated in while in jail that had helped her open her eyes and change to become a better person.  Petitioner's mother and sister also spoke.  They generally said that Petitioner had been a respectable person who attended school (she earned a GED) and that her two children (ages 8 and 9) missed her very much.

Judge Cox recited the facts in detail.  He noted that Petitioner had a very limited criminal record, such as undisposed charges of theft or shoplifting.  The killing was her first felony, but her record did include an arrest for simple battery and resisting arrest four years after the murder.  The charges related to a fight with a 13-year-old girl who Petitioner hit several times with her fist.  Petitioner was 24 years old at the time of sentencing.  She had been unemployed for several months at the time of the commission of the crime.

Judge Cox noted again that Petitioner was a first-felony offender, but she had been given a significant opportunity by being allowed to plead guilty to a reduced charge of manslaughter that allowed for the opportunity of parole.  He characterized the crime as a very heinous offense, where Petitioner repeatedly struck an elderly victim in the head, then stole

his money, credit cards, and car.  The judge found that Petitioner "showed no signs of remorse for taking the life of another" and had "made no mention of an apology to the victim's family."[1]  After consideration of all of the factors, the judge sentenced Petitioner to the maximum term of 40 years.

Petitioner argued on direct appeal that her sentence was excessive in violation of Art. I, § 20 of the Louisiana Constitution.  Her appellate brief did not cite the Eighth Amendment to the U. S. Constitution or cite any federal Eighth Amendment jurisprudence.  The state appellate court reviewed the applicable state law, the sentencing transcript, and the trial court's comments.  In response to Petitioner's argument that her sentence was excessive because she was not a worst offender so did not deserve the most severe sentence, the court stated that the crime of manslaughter did not adequately describe Petitioner's conduct, and her plea agreement had allowed her to avoid potential exposure to mandatory life imprisonment.  The court also noted Louisiana law that provides that a sentencing judge has great discretion to impose even the maximum sentence for a pled offense where there has been a significant reduction in potential exposure to confinement through the plea bargain and the offense involves violence upon a victim. The sentence was affirmed.  State v. Key, 58 So.3d at 581-82.

---

[1]Petitioner did begin her statement at sentencing by saying she wanted to "apologize to the family members that are here today" and let them know she had made mistakes in life of which she was not proud.  She was apparently apologizing to her own family members, who were present.  When the judge later asked if any of the victims were present, the prosecutor stated that they were not because Mr. Chaisson's son was from out of state.

### B. No Federal Claim Exhausted

Habeas relief is available only for violations of federal law, and an application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).   The requirement is satisfied if the federal issue has "once been properly presented to the highest court of the state" either on direct appeal or through a post-conviction application.  Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995). That includes presenting the issue in a petition for certiorari to state's high court, even if that court affords only discretionary review.  O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999).

The exhaustion rule requires that the claim be presented to the state court within a federal constitutional framework.  Scott v. Hubert, 635 F.3d 659, 667 (5th Cir 2011).  The determination of whether the claim was presented in such a fashion is made by looking to the briefs filed in state court.  Smith v. Digmon, 98 S.Ct. 597 (1978); Soffar v. Dretke, 368 F.3d 441, 467 (5th Cir. 2004).

The State did not include in the record filed with this court a copy of Petitioner's writ application to the Supreme Court of Louisiana on direct appeal, so it is not known whether Petitioner presented an Eighth Amendment or other federal claim to that court.  She did not, however, present a federal claim to the intermediate appellate court, so she did not properly present a federal claim at each level of the state court proceeding.  That the state-law excess sentence claim is similar to the federal claim is not sufficient.  Baldwin v. Reese, 124 S.Ct. 1347 (2004) (claim in state court petition for ineffective assistance of appellate counsel not

exhausted because not identified as federal in nature); Adams v. Robertson, 117 S.Ct. 1028, 1030 n. 3 (1997) (per curiam) (passing invocations of due process that fail to cite the Federal Constitution or any cases relying on the Fourteenth Amendment do not "meet our minimal requirement that it must be clear that a federal claim was presented" because they could just as easily refer to the provisions of the state constitution); and Thomas v. Warden, 2012 WL 3260223, **9-10 (W.D. La. 2012) (finding similar sentence attack did not exhaust a federal claim).

It is now too late under Louisiana law for Petitioner to return to state court and exhaust a federal attack on her sentence, so the claim is technically exhausted but subject to a procedural bar that requires a showing of cause and prejudice to overcome. Jones v. Jones, 163 F.3d 285, 296 (5th Cir. 1998). The State has not raised the defense, but the undersigned finds that considerations of comity, federalism and judicial efficiency warrant invoking the bar sua sponte. To do otherwise could encourage prisoners to save their parallel federal law claims until they file in federal court, and then seek to avoid the burden of 28 U.S.C. § 2254(d) by arguing the federal claim was not adjudicated on the merits in state court. Petitioner may attempt in her objections to articulate cause and prejudice to overcome her default. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of procedural bar in Report and Recommendation satisfied due process). No grounds are evident from the record. Accordingly, the federal Eight Amendment claim is barred.

### C. Sentencing Attack Lacks Merit

Petitioner argues that her sentence was excessive under Louisiana Constitution Art. I, § 20.  There can be no relief on this claim, because federal habeas corpus relief does not lie for mere errors of state law.  Estelle v. McGuire, 112 S.Ct. 475, 479-80 (1991); Brown v. Warden, 2014 WL 4302558, *3 (W. D. La. 2014).

Assuming Petitioner exhausted an Eighth Amendment claim, she must also present it to this court.  She mentions the Eighth Amendment in the heading of the excessive sentence portion of her federal habeas memorandum, but the text of her memorandum does not again refer to any federal law.  The argument appears to be largely a copy of the state court appellate brief. Assuming that is adequate to present a federal claim, it faces a difficult burden on the merits. The Court in Lockyer v. Andrade, 123 S.Ct. 1166 (2003) reviewed its Eighth Amendment decisions and rejected a habeas attack on two consecutive terms of 25 years to life for a third-strike conviction. The petitioner had a string of burglary, drug, and property-crime convictions, capped by felony petty-theft after he stole approximately $150 worth of videotapes. The sentence did not permit habeas relief under Section 2254(d)[2] because it was not contrary to or an unreasonable application of clearly established gross disproportionality principle set forth in Supreme Court holdings. The Court admitted that its

---

[2] Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

precedents in the area were not clear, which makes it quite difficult to obtain habeas relief under the deferential standard of the statute.

The Supreme Court, in another case that noted that it is "difficult" for a challenger to establish a lack of proportionality. It explained that a determination of whether a sentence is grossly disproportionate for a particular crime begins by comparing the gravity of the offense and the severity of the sentence. Graham v. Florida, 130 S.Ct. 2011, 2022 (2010). In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the sentence with sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. Id.

Petitioner beat a 75-year-old man in the head with a lamp and left him lying and dying in a pool of blood. She now contends that the force she used was some form of self-defense, but her failure to contact authorities or otherwise call for help for herself or the dying victim, followed by her theft of the victim's property, undermines this claim and provides aggravating factors that support the sentence. Petitioner joins a number of murderers who have successfully negotiated a beneficial plea bargain that allowed them to plead guilty to manslaughter and receive a lengthy or even maximum sentence, but with the tremendous benefit of the opportunity for parole, which is not available on a second-degree murder mandatory life sentence. Petitioner's sentence is not grossly disproportionate to her crime, and she is not entitled to habeas relief on this claim.

**Consideration of Age**

Petitioner argued in her post-conviction application that the sentencing judge did not adequately consider her age, 17, at the time she committed the crime.  This argument also relied exclusively on Louisiana law such as Art. I, § 20 of the Louisiana Constitution and La. C. Cr. P. art 894.1, which governs sentencing.

Petitioner did not present this issue as a federal claim to the state court before she brought it to this court.  Furthermore, she did not present the claim beyond the district court level.  Even if Petitioner had presented a federal claim in her post-conviction application, her failure to present the claim properly to all three levels of the state court system would bar habeas relief based on a failure to exhaust state court remedies.

Finally, the claim lacks merit.  The sentencing judge noted Petitioner's age at the time of the sentence and the date of the crime, so he was aware of this factor even if he did not articulate it among the many reasons he gave for the sentence.  The argument is largely that the judge did not comply with all procedural requirements of La. C.Cr. P. Art. 894.1, but the Fifth Circuit has specifically rejected habeas challenges to a state court's failure to comply with the state-law rule.  Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987); Butler v. Cain, 327 Fed. Appx. 455 (5th Cir. 2009).

**Ineffective Assistance of Counsel**

Petitioner did not raise any claim of ineffective assistance of counsel ("IAC") in her direct appeal or her post-conviction application.  She asks that this court now allow her to present a claim of IAC based on Martinez v. Ryan, 132 S.Ct. 1309 (2012).  That decision

held that when a State, like Louisiana, requires that a prisoner raise an IAC claim on post-conviction rather than direct appeal, a prisoner can demonstrate cause for a procedural default of the IAC claim (1) where the state courts did not appoint counsel for the post-conviction process or (2) where appointed counsel in the post-conviction proceeding was also ineffective. Lindsey v. Cain, 476 Fed. Appx. 777 (5th Cir. 2012). "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S.Ct. at 1318.

Petitioner did not assert an IAC claim in her post-conviction application, and it is too late to do so now, so any such claim is procedurally defaulted. Petitioner was not appointed or represented by counsel during her post-conviction process, so she satisfies the first requirement of Martinez to overcome the default. She does not, however, satisfy the additional requirement that the underlying IAC claim be a substantial one. Petitioner has never articulated any claim of ineffective assistance of counsel by her trial court attorneys. She merely asserts a general right under Martinez to litigate such a claim. Absent some showing of a meritorious claim that her trial court attorneys were ineffective within the meaning of Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984), overcoming the procedural default is impossible and meaningless. Petitioner was linked to the crime by DNA evidence, she confessed, and she received the benefit of a plea bargain, so it is not difficult to see why Petitioner has been unable to set forth any ineffective assistance claim against her trial attorneys. She is not entitled to relief on this final claim.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability.  28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the

applicant.  A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2).  A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of January, 2016.

Mark L. Hornsby
U.S. Magistrate Judge